# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **I.B.**

**No. 17-0249** (Raleigh County 16-JA-042-K)

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother D.H., by counsel Elizabeth A. French, appeals the Circuit Court of Raleigh County's January 17, 2017, order terminating her parental rights to then seven-year-old I.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), John F. Parkulo, filed a response on behalf of I.B. also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the child.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition alleging that petitioner appeared "out of it" and had two black eyes when she arrived at the child's school. When the principal contacted police, petitioner reportedly left the school without the child. The principal later informed a Child Protective Services ("CPS") worker that petitioner seemed to be intoxicated. Petitioner was subsequently arrested on a charge of child neglect.

In June of 2016, the circuit court held an adjudicatory hearing. At that hearing, petitioner stipulated to her abuse and neglect of the child due to her substance abuse. Thereafter, the circuit court granted petitioner's motion for a post-adjudicatory improvement period.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that while petitioner states that the circuit court terminated her "parental, custodial, and guardianship rights" to the child, the dispositional order discusses only her "parental rights." As such, we analyze the termination of her parental rights only in this memorandum decision.

1

In August of 2016, the circuit court held a review hearing regarding petitioner's improvement period. At that review hearing, it was reported that petitioner was "not doing anything" to improve her substance abuse, but she claimed that she intended to seek inpatient substance abuse treatment. At the conclusion of the hearing, the circuit court continued petitioner's improvement period.

In November of 2016, the circuit court held a final review hearing on petitioner's improvement period. Petitioner was not present in person, but she was represented by counsel. The circuit court found that petitioner failed to comply with the family case plan and terminated her improvement period.

In January of 2017, the circuit court held a dispositional hearing. Petitioner was not present in person, but she was represented by counsel. The circuit court found that petitioner was not present; had not visited the child; and failed to cooperate with the DHHR. Based on these circumstances, the circuit court terminated petitioner's parental rights to the child.[3] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the child. Under West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for

---

[3]Petitioner's parental rights to the child were terminated below. According to the guardian and the DHHR, the parental rights of the child's father are intact pending his dispositional hearing in September of 2017. The child currently resides with her aunt and uncle with the permanency plan of either reunification with the father or, if his parental rights are terminated, adoption by the aunt and uncle.

the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

In this case, the evidence clearly demonstrates that petitioner failed to follow through with the family case plan or other rehabilitative efforts. We disagree with petitioner that merely stating her intention to seek substance abuse treatment was sufficient to show that she was reasonably likely to substantially correct the conditions of abuse and neglect. As relayed below, petitioner did nothing to follow through with her stated intentions to correct the conditions of abuse and neglect. As such, we find no error.

For those reasons, we find no error in the decision of the circuit court, and its January 17, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3